IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BURT XAVIER and JAMES FRANKLIN,
individually and on behalf of themselves
and all others similarly situated,

    Plaintiffs,

  v.

PHILIP MORRIS USA INC., a Virginia
corporation,

    Defendant.

No. C 10-02067 WHA

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND VACATING HEARING**

## INTRODUCTION

In this putative class action seeking medical monitoring for heavy smokers, defendant Philip Morris USA, Inc. moves to dismiss two of the six claims asserted against it in the complaint. For the reasons set forth below, defendant's motion to dismiss is **GRANTED**.

## STATEMENT

Lead plaintiffs Burt Xavier and James Franklin seek to represent a statewide class of asymptomatic Marlboro smokers (and recent quitters) over fifty years of age with at least a twenty-pack-year habit. A twenty-pack-year smoking history is a pack a day for twenty years, or two packs a day for ten years, and so on — at least 146,000 individual cigarettes.

This case differs from the typical tobacco action because plaintiffs do not seek compensatory or punitive damages for personal injury or wrongful death. Instead, they want

1  medical monitoring for healthy smokers.  The medical monitoring sought is Low Dose CT
2  scanning of the chest.  According to plaintiffs, this scan is a new, largely unavailable technology
3  that is safer than x-rays and far better at detecting the early stage of lung cancer.  Early diagnosis
4  dramatically improves survival odds.

    This case differs from the typical medical monitoring action because plaintiffs do not
6  seek money to pay for screening.  Instead, they want Philip Morris to supply the chest scans
7  themselves in a court-supervised program.  Defendant would have to provide outreach,
8  information, ongoing testing, notice of results, record keeping, and administration.

    Plaintiffs contend that Philip Morris acted wrongfully because its Marlboro cigarettes
10  deliver excessive carcinogens.  Plaintiffs also contend that Philip Morris ignored feasible
11  alternative designs.  They allege, *inter alia*, that Philip Morris marketed "light" cigarettes despite
12  knowing that its customers would unconsciously compensate with deeper inhalation in a way
13  that testing machines would not; that it briefly marketed a genuinely low-tar cigarette only to
14  establish credibility for later imposters; that its tobacco blend needlessly contained the dangerous
15  Burley variety.

    The complaint alleges six claims:  (1) violation of the California Unfair Competition
17  Law, Cal. Bus. & Prof. Code § 17200; (2) violation of the Consumers Legal Remedies Act, Cal.
18  Civ. Code § 1750; (3) breach of implied warranty, Cal. Com. Code § 2314; (4) strict liability
19  design defect; (5) negligent design and testing; and (6) medical monitoring.  Defendant moves to
20  dismiss the first and last.

**ANALYSIS**

22  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged
23  in the complaint.  *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).
24  Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the
25  absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police*
26  *Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  "While legal conclusions can provide the framework
27  of a complaint, they must be supported by factual allegations."  *Ashcroft v. Iqbal*, 129 S. Ct.

2

1937, 1950 (2009). A claim must be plausible on its face — conclusory legal allegations and speculative inferences do not suffice. *Ibid.*

### 1. CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200.

California Section 17200 covers "any unlawful, unfair or fraudulent business act or practice." Persons authorized to bring claims under this code section are those who "ha[ve] suffered injury in fact and ha[ve] lost money or property as a result of the unfair competition" (§ 17204). The Act provides equitable means to "prevent" unfair competition and "restore" money or property acquired through unfair competition (§ 17203).

Defendant moves to dismiss the Section 17200 claim because plaintiffs have not pled loss of money or property and thus lack standing. Plaintiffs do not object to dismissal provided it is without prejudice, in case purported class members pay out-of-pocket for chest scans before this case is decided. Defendant replies that even those with potential for standing cannot state a claim because Section 17203 does not authorize nonrestitutionary relief.

Plaintiffs have failed to plead their Section 17200 claim sufficiently under *Iqbal*. Plaintiffs have not pointed to any economic loss. Further, the remedial recovery power of Section 17203 is limited to restitutionary disgorgement of money obtained from violations of Section 17200 to the victims of such violations. *See Kraus v. Trinity Mgmt. Servs., Inc.*, 23 Cal. 4th 116, 126–27 (2000). Pre-judgment, out-of-pocket expenditures for chest scans would be ineligible for restitution because the recipients of the monies would be third-party medical providers, not the defendant. Defendant's motion to dismiss this claim is **GRANTED**.

If plaintiffs choose to amend and plead this claim again, they must answer several questions. With respect to standing, plaintiffs must address whether the need for medical monitoring or some other loss represents lost "money or property" as required by Section 17204. With respect to remedies, the relief sought must be relief available. As to the "restore" prong of Section 17203, plaintiffs must identify how what they are seeking is restitution. As to the "prevent" prong, plaintiffs must address whether requiring defendant to provide medical monitoring is a mandatory injunction within the ambit of Section 17203.

**2.    MEDICAL MONITORING.**

A plaintiff seeking medical monitoring in California must show "that the need for future monitoring is a reasonably certain consequence of the plaintiff's toxic exposure and that the recommended monitoring is reasonable." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 974 (1993). Necessity and reasonableness of monitoring must be shown through "reliable medical expert testimony"; five enumerated factors are relevant. *Id.* at 1009. *Potter* dispensed with the traditional tort requirement that a plaintiff show a present physical injury. Nor must a plaintiff prove emotional distress from fear of cancer or a threat of a future injury that is more likely than not to occur. The need for medical testing, necessitated by exposure to toxins, is a detriment; the cost of anticipated medical care, reasonably certain to be required, is recoverable damage. *Id.* at 1005.

A claim for medical monitoring can succeed in California where the same claim would fail categorically elsewhere. *See Paz v. Brush Engineered Materials, Inc.*, 949 So. 2d 1 (Miss. 2007) (answering certified question, holding that Mississippi law does not recognize a medical monitoring action absent physical injury). Where the parties in the present case disagree is whether plaintiffs can plead a stand-alone claim of medical monitoring — a discrete tort — or whether plaintiffs must instead seek medical monitoring as a remedy for an existing tort.

The California Supreme Court has answered this question. "Recognition that a defendant's conduct has created the need for future medical monitoring does not create a new tort. It is simply a compensable item of damage when liability is established under traditional tort theories of recovery." *Potter*, 6 Cal. 4th at 1007. The California Supreme Court has since reemphasized that medical monitoring is "not a separate tort." *Lockheed Martin Corp. v. Superior Court*, 29 Cal. 4th 1096, 1105 (2003).

Decisions from other jurisdictions demonstrate that the creation of a discrete tort goes further than California's approach. In *Bower v. Westinghouse Electric Corporation*, 522 S.E.2d 424, 431 (W. Va. 1999), for example, the Supreme Court of Appeals of West Virginia considered the question, approved the rationale behind *Potter*, and then explicitly created a

4

"claim for recovery of future medical monitoring costs" and "define[d] the elements necessary to sustain such a claim."

Plaintiffs deal with the "not a separate tort" language by arguing that because the plaintiffs in *Potter* and *Lockheed Martin* sought money for monitoring, not monitoring itself — a *legal* remedy — the narrower question of whether a purely *equitable* claim for medical monitoring could stand alone has never been squarely presented in California. Plaintiffs ask for a prediction that the California Supreme Court would approve a purely equitable stand-alone medical monitoring claim because of that Court's general enthusiasm for medical monitoring and the specific, targeted nature of the monitoring here sought. Such a prediction would allow their claim to survive in federal court.

Plaintiffs ask too much. With *Potter*, California joined the minority of jurisdictions endorsing recovery in tort without present physical injury. That was the controversial step that now allows the plaintiffs' other claims in the present case to proceed. The means the California Supreme Court adopted to achieve this end — recognition of a cognizable detriment and remedy — was a relatively minor aspect of its decision. True, the Court did not rule out equitable medical monitoring as a stand-alone claim. But there is no indication that it was the legal nature of the lawsuit in *Potter* that prevented the Court from characterizing its decision as one creating a new tort. Likewise, there is no indication that the Court would adopt plaintiffs' preferred approach if given the opportunity now. If "not a separate tort" is dictum, it is exceedingly persuasive dictum. Principles of comity and federalism prevent overwriting the means adopted in *Potter* as if that decision was a blank slate.

Plaintiffs request that they be allowed to plead the medical monitoring tort again as part of the class certification motion practice. Plaintiffs maintain that a purely equitable action will help them overcome affirmative defenses, time bars, and the maze of Rule 23. That may be true. But given that *Potter* did not create a new tort, it *a fortiori* did not create a new plaintiff-friendly super tort.

Plaintiffs assert medical monitoring as a stand-alone claim against defendant. In California, medical monitoring is a remedy which must rely upon underlying claims. It does

5

not stand alone. It is not cognizable as required by *Balistreri*. Defendant's motion to dismiss the medical monitoring claim is **GRANTED**. The claim is dismissed without leave to amend.

## CONCLUSION

For the reasons above, defendant's motion to dismiss is **GRANTED**. The hearing set for October 14, 2010, is **VACATED**. Plaintiffs may move for leave to amend the dismissed Unfair Competition Law claim by **OCTOBER 27, 2010**. Any such motion should be accompanied by a proposed pleading and the motion should explain why the foregoing problems are overcome by the proposed pleading. Plaintiffs must plead their best case. Failing such a motion, the inadequately pled claim will be dismissed without further leave to amend.

**IT IS SO ORDERED.**

Dated: October 7, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6